# Walker v. Philadelphia, Appellant.

*Negligence—Municipalities—Hole in street—View by jury—Evidence.*

In an action against a city to recover damages for personal injuries, it appeared that plaintiff, in alighting from an open summer car with transverse seats, stepped from the middle of the running board at the side of the car into a hole or depression in the surface of the street and was injured. The plaintiff looked before stepping from the car. The accident happened at night on a dimly lighted street, and the hole or depression was filled with dirty water so that there was an appearance of an even street surface. The plaintiff's testimony left it uncertain whether the hole was caused by the sinking of paving stones, or whether it was a depression for drainage and a part of the original construction of the street. The evidence on this subject was insufficient to sustain a verdict in her favor. It was conceded that the condition of the street at the time of the trial was the same as at the time of the accident. The jury visited the place, saw for themselves the condition of the pavement, and returned a verdict for plaintiff, after they had been properly instructed that the city was not liable, if the depression was a part of the original construction of the pavement. There was evidence that the hole in the pavement had been there a sufficient length of time to charge the city with constructive notice. *Held,* that a judgment on the verdict should be sustained.

Argued Jan. 10, 1905. Appeal, No. 169, Jan. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1903, No. 525, on verdict for plaintiff in case of Mary L. Walker v. City of Philadelphia. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for plaintiff for $7,500 upon which judgment was

entered for $5,000, all above that amount having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*Harry T. Kingston*, assistant city solicitor, with him *Joseph S. Mac Laughlin*, and *John L. Kinsey*, city solicitor, for appellant. —A verdict should have been directed for the city of Philadelphia on the ground that the testimony did not affirmatively show that the accident was caused by a hole or break in the highway as alleged by plaintiff.

If the depressed inlet as originally constructed by the city was the cause of the alleged accident, there can be no recovery: Canavan v. Oil City, 183 Pa. 611; Horner v. City of Philadelphia, 194 Pa. 542; Mason v. Philadelphia, 205 Pa. 177.

The plaintiff was guilty of contributory negligence: Robb v. Connellsville Boro., 137 Pa. 42; Shallcross v. Phila., 187 Pa. 143; Decker v. East Washington Boro., 21 Pa. Superior Ct. 211; Heiss v. Lancaster, 203 Pa. 260; Wright v. Lancaster, 203 Pa. 276; Sickels v. Phila., 209 Pa. 113.

*James E. Gorman*, with him *George W. Boyer*, and *H. Gilbert Cassidy*, for appellee, cited: Mintzer v. Greenough, 192 Pa. 137; Johnson v. Philadelphia, 208 Pa. 182.

OPINION BY MR. JUSTICE FELL, March 6, 1905:

The plaintiff, in alighting from an open summer car with transverse seats, stepped from the middle of the running board at the side of the car into a hole or depression in the surface of the street, and was injured. The accident happened at night on a dimly lighted street and the hole or depression was filled with dirty water so that there was the appearance of an even street surface. The plaintiff's contention at the trial was that there was a hole in the street caused by the sinking of paving stones; the city's contention was that there was no hole but only a slight depression in the surface of the street at an inlet for the purpose of drainage and that the paving around the inlet cover and on the sides of the depression was in good condition. The only issue of fact at the trial was that raised by these contentions, and the only question presented by this appeal that need be considered is whether there was sufficient

evidence to warrant a finding of negligence in failing to keep the street in proper repair.

The plaintiff's testimony as to the condition of the street was not sufficient to sustain a verdict in her favor. She was not familiar with the place of the accident and had not been able to examine it after her injury. She knew only that as she stepped from the running board to the pavement her foot went down several inches and that the water came up to her ankle. One of her witnesses testified that two or three paving stones had sunk, leaving a hole three or four inches deep at the edge of the inlet cover. The cross-examination of this witness, while not affecting her credibility, left it in doubt whether she meant to say that the stones had sunk below the level at which they had been placed originally, or whether they had been placed three or four inches lower around the inlet when the pavement was laid. There was a failure clearly to develop by the testimony a fact essential to the plaintiff's recovery.

This error, which otherwise might have been fatal, was cured by what took place at the trial. It was then agreed by the city that the street was in the same condition at the time of the trial that it was at the time of the accident, and by agreement of the parties the jurors were allowed to visit the place and to see for themselves the condition of the pavement around the inlet. The subject was thus submitted to the test of their observation. They were clearly and distinctly instructed by the learned trial judge that it was not their province to review the discretion of the city's officers as to the plan adopted for drainage, and that they could find for the plaintiff only in the event that there had been a failure to maintain in a safe condition the pavement as originally laid. In view of this instruction it must be assumed that they found the defects alleged by the plaintiff's witness to exist.

The plaintiff looked before stepping from the car and placed her foot on what appeared to be the even surface of the street. There was therefore no ground for charging her with contributory negligence.

There was testimony that the hole in the pavement had been there a sufficient length of time to charge the city with constructive notice of the defect.

The judgment is affirmed.